

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Overruled by C-704 where conflicts

WILL WILSON
ATTORNEY GENERAL

January 16, 1959

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System
 of Texas
Capitol Station
Austin 11, Texas

Opinion No. WW-548

Re: Whether retirement funds
    of the Employees Retire-
    ment System may be in-
    vested in corporation
    stocks and bonds other
    than those in which the
    Permanent University Fund
    of The University of Texas
    is invested.

Dear Mr. Lloyd:

Your request for an opinion is, in part, as follows:

> " . . . , is the investment of Employees
> Retirement Funds in corporate bonds, pre-
> ferred stocks and common stocks subject to
> the discretion of the Board of Trustees of
> the Employees Retirement System, within
> those limits set out in Section 11a of
> Article VII of the Constitution for gui-
> dance of the Board of Regents of the Uni-
> versity, or may the Board of Trustees of
> the Employees Retirement System make such
> investments within its discretion, but only
> in the specific stocks and bonds which have
> been deemed proper investments for the Per-
> manent University Fund by the Board of Re-
> gents of the University of Texas?"

When the amendment of Section 62(a) of Article XVI of the Con-
stitution of Texas was adopted in November, 1957, the amendment
of Article 6228a, V.C.S., by Acts of the 55th Legislature,
Regular Session, 1957, Chapter 402, page 1208, became effective
and this statute, as thereby amended, became operative on Sep-
tember 1, 1958.

Honorable Gordon H. Lloyd, page 2 (WW-548)

The pertinent portion of the constitutional amendment is as follows:

"All funds provided from the compensation of such person or by the State of Texas for such Retirement, Disability and Death Compensation Fund, as are received by the Treasury of the State of Texas, shall be invested in bonds of the United States, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States; _or in such other securities as are now or hereafter may be permitted by law as investments for the Permanent University Fund or for the Permanent School Fund of this State, under the same limitations and restrictions imposed by the Constitution for investment of those funds and subject to such regulations as the Legislature may provide._" (Emphasis added)

The applicable provisions of the statute, as amended, appear in Section 7A thereof, as follows:

"The State Board of Trustees shall be the Trustees of the several funds as herein created by this Act and shall have full power to invest and reinvest such funds subject to the following limitations and restrictions:

"All retirement funds as are received by the Treasury of the State of Texas as deposits from contributions of employees or employer as herein provided, may be invested only in . . . ; _and in securities in which the State Permanent School Fund or the Permanent University Fund of the University of Texas may be invested under present or hereafter enacted laws._" (Emphasis added)

We find no authority for the investment of the State Permanent
School Fund in corporation bonds and stocks, but such invest-
ment of the Permanent University Fund of the University of Texas
is permitted by Section 11a of Article VII of the Constitution
of Texas, which follows:

> "In addition to the bonds now enumerated
> in Section 11 of Article VII of the Con-
> stitution of the State of Texas, the Per-
> manent University Fund may be invested in
> first lien real estate mortgage securities
> guaranteed in any manner in whole by the
> United States Government or any agency
> thereof and in such corporation bonds, pre-
> ferred stocks and common stocks as the Board
> of Regents of The University of Texas may
> deem to be proper investments for said fund;
> and the interest and dividends accruing from
> the securities listed in Section 11 and Sec-
> tion 11a, except the portion thereof which
> is appropriated by the operation of Section
> 18 of Article VII for the payment of princi-
> pal and interest on bonds or notes issued
> thereunder, shall be subject to appropria-
> tion by the Legislature to accomplish the
> purposes declared in Section 10 of Article
> VII of this Constitution.  In making each
> and all of such investments said Board of
> Regents shall exercise the judgment and care
> under the circumstances then prevailing which
> men of ordinary prudence, discretion, and in-
> telligence exercise in the management of their
> own affairs not in regard to speculation but
> in regard to the permanent disposition of their
> funds, considering the probable income there-
> from as well as the probable safety of their
> capital; provided, however, that not more than
> fifty per cent (50%) of said fund shall be in-
> vested at any given time in corporate stocks
> and bonds, nor shall more than one per cent
> (1%) of said fund be invested in securities
> issued by any one (1) corporation, nor shall

2678

more than five per cent (5%) of the voting
stock of any one (1) corporation be owned;
and provided, further, that stocks eligible
for purchase shall be restricted to stocks
of companies incorporated within the United
States which have paid dividends for ten
(10) consecutive years or longer immedi-
ately prior to the date of purchase and
which, except for bank stocks and insurance
stocks, are listed upon an exchange regis-
tered with the Securities and Exchange Com-
mission or its successors. This amendment
shall be self-enacting, and shall become
effective upon its adoption, provided, how-
ever, that the Legislature shall provide by
law for full disclosure of all details con-
cerning the investments in corporate stocks
and bonds and other investments authorized
herein." (Emphasis added)

Neither the underlined language in Section 62(a) of Article
XVI of the Constitution of Texas, supra, nor that in Article
6228a, supra, is sufficient within itself to serve as a com-
plete guide for the investment of the Employees Retirement
Funds in corporation stocks or corporation bonds for both
refer to and wholly depend upon what ". . . may be permitted
by law as investments for the Permanent University Fund. . ."
This, in turn, is clearly set out in Section 11a of Article
VII, supra, as being only "such corporation bonds, preferred
stocks and common stocks as the Board of Regents of The Uni-
versity of Texas may deem to be proper investments for said
fund." There follows a delineation of certain further limits
and conditions governing such investments.

Certainly the Permanent University Fund may not be invested in
any or all corporation stocks and bonds which are to be found
in the market, but only in those which fall within such limits
and conditions as are set out in Section 11a of Article VII,
supra, and which the said Board of Regents "may deem to be
proper investments for said fund." "Deem" does not signify an
arbitrary exercise of will, but a deliberate exercise of judg-
ment.

Honorable Gordon H. Lloyd, page 5 (WW-548)

"To deem" is to think, judge, hold as an opinion, decide or believe on consideration, to adjudge. State v. Cohen, 63 A. 928, 930, 73 N.H. 543.

Since no investment of the Permanent University Fund in corporation stocks and bonds is permitted by law unless it is deemed to be a proper investment by the Board of Regents, and since Employees Retirement funds may be invested in such corporation stocks and bonds only if they are "permitted by law" as investments for the Permanent University Fund, it follows that if the Employees Retirement funds are invested in corporation stocks and bonds, only those particular corporation stocks and bonds are eligible which are deemed to be proper by the Board of Regents of the University of Texas as investments for the Permanent University Fund. The best evidence of what these may be is the actual investment of the Permanent University Fund within the limitations of Section 11a of Article VII, supra, as shown by public records both at the University and at the office of the State Comptroller of Public Accounts.

This is not to say that when the Permanent University Fund is invested in a particular security, such security must also be purchased by the Employees Retirement funds. Purchase of that security thereby becomes permissive in respect to the Employees Retirement funds and whether or not it is actually purchased is a matter resting within the sound discretion of the State Board of Trustees of the Employees Retirement System of Texas.

Since the word "invested" contemplates not only the original purchase but the holding of a particular security as an investment, we think that if the Permanent University Fund is withdrawn from investment in a particular security the Employees Retirement funds must likewise be withdrawn within a reasonable time.

## SUMMARY

Retirement funds of the Employees Retirement System of Texas may not be invested in corporation stocks and bonds other than those in which the Permanent University Fund of The University of Texas is invested.

2680

                                        Very truly yours,

                                        WILL WILSON
                                        Attorney General of Texas

                                        By   *Howard W. Mays*
                                             Howard W. Mays
                                             Assistant Attorney General

HWM-s

APPROVED:

OPINION COMMITTEE

W. R. Hemphill, Chairman

Marietta Payne
Thomas Burrus
Robert T. Lewis


REVIEWED FOR THE ATTORNEY GENERAL
By:     Morgan Nesbitt